## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | Civil Action No. 4:25-cv-00446 |
| v. | |
| KENNETH W. ALEXANDER II, ROBERT D. WELSH, and CAEDRYNN E. CONNER, | JURY TRIAL DEMANDED |
| Defendants. | |

## JOINT REPORT ON RULE 26(f) CONFERENCE

The parties jointly submit the following report with respect to the matters set out in the Court's Order (Doc. 24) and Federal Rule of Civil Procedure 26(f).

**(1)      A brief statement of the claims and defenses.**

As more fully set forth in the Complaint (Doc. 1), Plaintiff Securities and Exchange Commission ("SEC") alleges that Defendants Kenneth W. Alexander II ("Alexander"), Robert D. Welsh ("Welsh"), and Caedrynn E. Conner ("Conner") (collectively, "Defendants") violated the federal securities laws.

The SEC alleges that, between May 2021 and February 2024, Alexander and Welsh orchestrated a Ponzi scheme, with Conner's substantial assistance and participation, that raised at least $91 million from more than 200 investors in an unregistered securities offering. Alexander and Welsh operated the scheme, which they called the Vanguard JV Cash Program, through Vanguard Holdings Group Irrevocable Trust ("VHG"), a Texas common law trust controlled by Alexander.

The SEC alleges that Alexander and Welsh promoted VHG as a highly-profitable international bond trading business that held billions in assets. And that they represented to investors that VHG or its affiliates would use investor funds to trade, or engage in other dealmaking, in the international bond markets. Alexander and Welsh told investors that investments in VHG would have a 14-month term, and falsely represented that investors would receive 12 guaranteed monthly payments of between 3% to 6% per month, with the principal to be returned at the end of the 14-month term. VHG used investor funds—not profits from bond trading—to make these payments. As part of their scheme, Alexander and Welsh offered investors the option, for an additional fee, to protect their investments from risk of loss through purported financial instruments called "pay orders." Investors who purchased the pay orders were required to enter into "pooling agreements" with other investors and a purported fiduciary ("Fiduciary"), which was owned and controlled by a longtime associate of Alexander and Welsh. VHG's bank records do not reflect the purchase of any pay orders and the Fiduciary never attempted to liquidate them.

The SEC further alleges that, in July 2022, Alexander and Welsh authorized Conner, who was an early VHG investor and promoter, to create an investment program to pool funds to invest in the Vanguard JV Cash Program. Conner operated this program ("Benchmark JV Cash Program") through Benchmark Capital Holdings Irrevocable Trust ("Benchmark"), a Texas common law trust that he controlled. The Benchmark JV Cash Program was structured like the Vanguard JV Cash Program, including the pay order protection feature, except Benchmark generally promised even higher guaranteed monthly returns. Conner represented to Benchmark investors that their funds would be pooled to invest in VHG, and that the returns Benchmark received from VHG would fund the guaranteed monthly returns paid to Benchmark investors.

Through Benchmark, Conner raised approximately $54.9 million from investors, more than $46 million of which he funneled to VHG. The Fiduciary also served as the purported fiduciary for Benchmark investors who purchased pay orders.

The SEC alleges that, throughout the course of the Ponzi scheme, VHG had no material sources of revenue. During that time, Alexander misappropriated millions of dollars of investor funds for his personal use and Welsh received more than a million dollars of investor funds. Alexander and Welsh also misused investor funds by using them to make Ponzi payments to Vanguard JV Cash Program investors and to pay victims of another apparent scheme that they started before, and then operated in parallel with, the VHG Ponzi scheme. For his part, Conner misappropriated millions of dollars of Benchmark investor funds.

The SEC alleges that, in or around February 2023, the VHG and Benchmark schemes began to collapse when VHG and Benchmark ceased paying the purported guaranteed monthly returns to nearly all investors. Throughout 2023, Alexander and Welsh made, and directed the Fiduciary to make, false excuses (such as blaming banks and attorneys) for VHG's failure to make the monthly payments. Conner repeated, and directed others to repeat, many of the same false statements to Benchmark investors. These statements had the effect of prolonging the Ponzi scheme because Welsh, Alexander, and Conner continued to solicit new investments and to encourage existing investors to roll over their principal to new 14-month terms, rather than withdraw their funds as their investment terms expired. Ultimately, the VHG and Benchmark schemes resulted in tens of millions of dollars of investor losses.

The SEC's Complaint charges Alexander and Welsh with violating Sections 5(a), 5(c), and 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77e(a), 77e(c), 77q(a)]

and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

The SEC's Complaint charges Conner with violating Sections 5(a), 5(c), and 17(a) of the Securities Act [15 U.S.C. §§ 77e(a), 77e(c), 77q(a)] and Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rules 10b-5(a) and 10b-5(c) thereunder [17 C.F.R. §§ 240.10b-5(a), 240.10b-5(c)], and aiding and abetting Alexander's and Welsh's violations of Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] and Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

Welsh and Conner deny and contest the SEC's claims. Alexander is in default.

**(2)     The jurisdictional basis for the suit.**

The Court has jurisdiction over this action under Sections 20(b), 20(d), and 22 of the Securities Act [15 U.S.C. §§ 77t(b), 77t(d), 77v] and Sections 21(d), 21(e), and 27 of the Exchange Act [15 U.S.C. §§ 78u(d), 78u(e), 78aa].

**(3)     The existence of any additional related cases and the appropriateness of consolidation.**

Conner is a defendant in *Voyer v. Conner, et al.*, No. 2:23-cv-02671-JJT (D. Ariz., filed Dec. 20, 2023). *Voyer's* factual allegations overlap to some degree those alleged in the Complaint, but neither Alexander nor Welsh are defendants in that lawsuit and that case is a private action asserting claims arising under Arizona state law. Additionally, *Voyer* is currently stayed. The parties believe that consolidation is inappropriate.

**(4)     Proposed deadlines for dispositive motions and objections to experts (i.e., Daubert and similar motions).**

The parties propose the deadline for dispositive motions and objections to experts reflected in the proposed scheduling order that is attached hereto as Appendix 1.

**(5)    Whether the parties expect to provide expert reports under Rule 26(a)(2) and conduct expert discovery in this case.**

The parties are still evaluating whether they will designate any expert witnesses in this case. Should any decide to do so, they will provide expert reports under Rule 26(a)(2). The parties intend to conduct discovery regarding any designated expert witnesses.

**(6)    A proposed plan and schedule for discovery, including a statement of the subjects on which discovery may be needed, a time limit to complete factual discovery and expert discovery, and a statement of whether discovery should be conducted in phases or limited to or focused upon particular issues.**

The parties propose the discovery schedule reflected in the proposed scheduling order that is attached hereto as <u>Appendix 1</u>. The proposed scheduling order asks the Court to extend its standard expert witness designation deadlines by approximately a month. This will allow the parties additional time to more thoroughly evaluate the possibility of settlement and the need for expert testimony.

The parties will conduct discovery based on the allegations in the Complaint and the assertions set forth in Welsh's and Conner's Answers. The subjects of discovery will include communications with potential and actual investors, the receipt and use of investor funds, and VHG's and Benchmark's business and activities. The parties do not believe that discovery should be conducted in phases or limited to or focused on particular issues.

**(7)    Whether document production should proceed by requests for production or mandatory disclosure.**

The parties propose that document production proceed by mandatory disclosures.

**(8)    Any proposed changes to the discovery limitations imposed by the Federal Rules of Civil Procedure, the Local Rules, and any other discovery limitations, including whether the parties should be required to disclose the legal theories and factual bases of their claims and defenses along with their Rule 26(a)(1) disclosures.**

The parties propose no such limitations. The parties do not believe that they should be required to disclose the legal theories and factual basis of their claims and defenses along with their Rule 26(a)(1) disclosures.

**(9)    Proposed rules for disclosure or discovery of electronically stored infringing information (ESI).**

The parties have no ESI issues to report at this time. The SEC has provided Welsh and Conner copies of the SEC's Data Delivery Standards.

**(10)    Any proposed means for the protection of trade secrets, confidential business information, or other proprietary information.**

The parties make no such proposals at this time. The parties are discussing whether a confidentiality agreement is necessary and appropriate to protect PII.

**(11)    Any proposals regarding the handling and protection of privileged or trial-preparation material that should be reflected in a court order.**

The parties make no such proposals at this time.

**(12)    A proposed pretrial conference date, proposed trial date, estimated number of days required for trial, and whether a jury has been demanded.**

The parties propose the pretrial conference and trial dates reflected in the proposed scheduling order that is attached hereto as <u>Appendix 1</u>. The parties estimate a trial time of seven in-trial days. A jury demand has been timely made.

**(13)    Objections to Rule 26(a)(1) asserted by either party, and other proposed modifications to the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made**

The parties have asserted no such objections. The parties have agreed to make their Rule 26(a)(1) disclosures on March 20, 2026, at the same time as their proposed mandatory disclosures.

**(14)** **The parties' position on mediation or arbitration to resolve this litigation, including:**

**Whether the parties believe mediation or arbitration would be helpful to settlement and if not, specific reasons why not;**

**When during the litigation mediation or arbitration would be most effective (e.g., before discovery, after limited discovery, after discovery closes, after filing dispositive motions, etc.); and**

**Whether the parties prefer to mediate with a private mediator (at the parties' expense) or with a United States Magistrate Judge**

The parties believe that mediation may be helpful to settlement. The parties propose that mediation occur during discovery and prior to the deadline reflected in the proposed scheduling order that is attached hereto as Appendix 1. The parties prefer to mediate with a United States Magistrate Judge.

**(15)** **Any other proposals regarding scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial.**

In order to avoid the potential for inconsistent judgments, particularly as to the amounts of disgorgement, the SEC proposes to submit its motion for default judgment against Alexander after Welsh's and Conner's liability, if any, has been established and the Court is determining what remedies, if any, to impose on them. Welsh and Conner are unopposed to this request.

**(16)** **Whether a conference with the court is desired.**

The parties do not believe that the Rule 16 pretrial conference set for February 20, 2026 is necessary. Should the Court disagree, the SEC requests that the conference be rescheduled to another date convenient for the Court, as the SEC's lead counsel booked a vacation for the week of February 16, 2026 prior to the Court scheduling the pretrial conference. Welsh and Conner are unopposed to this request.

**(17)** **The status of settlement negotiations, which shall not disclose settlement figures.**

The parties have discussed the possibility of Welsh and Conner agreeing to bifurcated judgments that would resolve the question of their liability, but not the amount of monetary remedies to be imposed on them by the Court. Welsh and Conner are currently reviewing the SEC's proposed settlement papers.

> **(18)** **A statement that counsel for each party has reviewed the undersigned's order regulating practice (Doc. 3) and that counsel for each party understands that noncompliance with the Federal Rules of Civil Procedure, the court's local rules, or Judge Barker's standing orders may result in sanction or other disadvantage.**

Counsel for each of the parties affirm that they have reviewed the Court's order regulating practice (Doc. 3) and that they understand that noncompliance with the Federal Rules of Civil Procedure, local rules, or the Court's standing orders may result in sanction or other disadvantage.

> **(19)** **Any other matters relevant to the status and disposition of this case, including any other orders that the parties propose for the court to issue under Rules 16(b) and (c) and 26(c).**

Pursuant to Federal Rule of Civil Procedure 5(b)(2)(F), the parties have consented to accept service of pleadings by ECF and to accept service of other papers (e.g., discovery, disclosures) by email to their counsel of record.

Date: February 5, 2026                    Respectfully submitted,

/s/ *Jason J. Rose*
JASON J. ROSE
Texas Bar No. 24007946
SECURITIES AND EXCHANGE
COMMISSION
Burnett Plaza, Suite 1900
801 Cherry Street, Unit 18
Fort Worth, Texas 76102
(817) 978-1408 (jjr)
(817) 978-4927 (facsimile)
rosej@sec.gov

ATTORNEY FOR PLAINTIFF
SECURITIES AND EXCHANGE
COMMISSION

WHALEN LAW OFFICE

/s/ *James P. Whalen*
JAMES P. WHALEN
TEXAS BAR CARD NO. 00794837
9300 John Hickman Parkway, Suite 501
Frisco, Texas 75035
Telephone: (214) 368-2560
Facsimile: (972) 829-8654
jwhalen@whalenlawoffice.com

COUNSEL FOR DEFENDANT
ROBERT D. WELSH

VEDDER PRICE P.C.

/s/ *Jeff Ansley*
Jeffrey J. Ansley
Texas Bar No. 00790235
jansley@vedderprice.com
Arianna G. Goodman
Texas Bar No. 24109938
agoodman@vedderprice.com
300 Crescent Court, Suite 400
Dallas, Texas 75201
Tel: 469.895.4800

ATTORNEYS FOR DEFENDANT
CAEDRYNN E. CONNER

## CERTIFICATE OF SERVICE

On February 5, 2026, I caused the foregoing to be electronically filed with the Clerk of Court for the Eastern District of Texas, Sherman Division, by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants.

/s/ *Jason J. Rose*
Jason J. Rose

9

**Appendix 1**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
———
No. 4:25-cv-00446
———
**Securities and Exchange Commission,**
*Plaintiff,*
v.
**Kenneth W. Alexander II, Robert D. Welsh, and**
**Caedrynn E. Conner,**
*Defendants.*
———

**ORDER**

Pursuant to Federal Rule of Civil Procedure 16(b) and the Eastern District of Texas Local Rules (except as modified herein), the court, **orders** that the following schedule should govern the disposition of this case:

| **21 days after this scheduling order issues** | File notice of mediator<br><br>The parties must jointly file a notice that either identifies an agreed-upon mediator (with a proposed order appointing the mediator) or indicates that no agreement was reached. If the parties do not reach an agreement, the court will appoint a mediator. If the parties do agree upon a mediator, the parties must, before filing the notice identifying the agreed-upon mediator, schedule mediation to occur before this order's mediation deadline and state the scheduled mediation date in the notice. |
| --- | --- |

| | |
|---|---|
| **As set by the court**<br><br>**(March 20, 2026)** | Mandatory disclosure deadline. To the extent that it has not yet done so as part of its required disclosures under Federal Rule of Civil Procedure 26(a)(1), each party must disclose to the other party:<br><br>1. The name and, if known, the address and telephone number of any potential parties to the action.<br>2. The name and, if known, the address and telephone number of persons having knowledge of facts relevant to a claim or defense of any party, a brief characterization of their connection to the case and a fair summary of the substance of the information known by such person.<br>3. The records or the authorizations described in Local Rule CV-34.<br>4. A copy of all other documents, electronically stored information, witness statements, and tangible things in the possession, custody, or control of the disclosing party that are relevant to a claim or defense of any party.<br><br>The term "relevant to the claim or defense of any party" is defined in Local Rule CV-26(d). **A party that fails to timely disclose such information will not, unless such failure is harmless, be permitted to use such evidence at trial, at a hearing, or in support of a motion.** A party is not excused from making its disclosures on the ground that it has not fully completed its investigation of the case. |
| **61 days after this scheduling order issues** | Deadline for (1) motions for leave to join parties and (2) motions for leave to amend pleadings.<br><br>This deadline does not modify the requirements of the Federal Rules of Civil Procedure regarding leave of court to amend pleadings and court action to join parties. See, e.g., Fed. R. Civ. P. 15(a), 21.<br><br>Parties may petition the court to modify this deadline for good cause. |

| **117 days after this scheduling order issues**<br><br>**(The parties propose extending this deadline from 117 to 150 days after this scheduling order issues for the reasons discussed in their Joint Report on Rule 26(f) Conference.)** | Party with the burden of proof on an issue shall file a written designation of the name and address of each **expert witness**, if any, who will testify at trial for that party and shall otherwise comply with Federal Rule of Civil Procedure 26(a)(2) and Local Rule CV-26(b). |
|---|---|
| **145 days after this scheduling order issues**<br><br>**(The parties propose extending this deadline from 145 to 178 days after this scheduling order issues for the reasons discussed in their Joint Report on Rule 26(f) Conference.)** | Party without the burden of proof on an issue shall file a written designation of the name and address of each **expert witness**, if any, who will testify at trial for that party and shall otherwise comply with Federal Rule of Civil Procedure 26(a)(2) and Local Rule CV-26(b). |

| 30 days after any Rule 26(a)(2) disclosure | Parties may provide further expert disclosure of expert testimony or evidence intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) within 30 days of the disclosure contradicted or rebutted. |
|---|---|
| 175 days after this scheduling order issues | Mediation deadline<br><br>Within **seven days** after the mediation, the parties shall **jointly prepare and file a written report**, which shall be signed by counsel for each party, detailing the date on which the mediation was held, the persons present (including the capacity of any representative), and the outcome of the mediation. |
| 205 days before trial or as requested by parties<br><br>(October 30, 2026) | Discovery deadline<br><br>All discovery—including expert discovery—shall be completed by this date. The parties may agree to extend this discovery deadline, provided that (1) the extension **does not affect** the trial setting, dispositive-motions deadline, challenges to experts deadline, or pretrial submission dates; and (2) the parties jointly file with the court written notice of the extension. |
| As set by the court<br><br>(November 20, 2026) | **Deadline for all dispositive motions and any other motions that may require a hearing (including *Daubert* motions).**<br><br>Motions shall comply with Local Rule CV-56 and Local Rule CV-7. <u>Motions to extend page limits will be granted only in exceptional circumstances.</u> |
| 70 days before trial | Exchange pretrial disclosures (witness list, deposition designations, and exhibit list).<br><br>Parties must make all disclosures required by Federal Rule of Civil Procedure 26(a)(3)(A)-(B). Any party who proposes to offer deposition testimony shall serve a disclosure identifying the line and page numbers to be offered. |

| 63 days before trial | Exchange rebuttal deposition designations.<br><br>For rebuttal designations, cross-examination line and page numbers must be included. |
| --- | --- |
| 56 days before trial | Objections to pretrial disclosures.<br><br>Each party must serve a list disclosing any **objections** and the relevant grounds, including any objections under Federal Rules of Evidence 402 and 403, to:<br>(1) any other party's deposition designation;<br>(2) the admissibility of disclosed exhibits; and<br>(3) the use of any witnesses.<br><br>Any objections not so disclosed, other than objections under Rules 402 and 403, are waived unless excused by the court for good cause. The parties are **ordered** to meet and confer to resolve any disputes before filing any objections to pretrial disclosures. |
| 45 days before trial | **Notice of request for daily transcript or real-time reporting of court proceedings due.**<br><br>If a daily transcript or real-time reporting of court proceedings is requested for trial or hearings, every party making said request shall file a notice with the court. The parties should send a copy of this request to Judge_Barker_ECFDocs@txed.uscourts.gov. |

| 45 days before trial | **File joint final pretrial report.**<br><br>The joint final pretrial report should include:<br><ul><li>for issues tried to the bench, proposed findings of fact and conclusions of law with citation to authority;</li><li>estimated length of trial;</li><li>each party's one-to-three-page executive summary of what they expect the evidence to show and the main points of dispute at trial;</li><li>an agreed jury questionnaire;</li><li>each party's exhibit list;</li><li>each party's witness list;</li><li>a joint jury-instructions proposal, with citation to authority and any disagreements noted seriatim;</li><li>joint proposed verdict form; and</li><li>each party's certification that its lead trial attorney has re-read all the Federal Rules of Evidence within the past six months.</li></ul>Trial briefs<br><ul><li>Each party may file a trial brief with the report. The briefing should discuss any applicable authority addressing the issues expected to arise at trial. These may also review what the evidence will show. But a trial brief may not replace other motions.</li></ul>Parties must email a word copy of the joint pretrial report to Judge_Barker_ECFDocs@txed.uscourts.gov. |
| --- | --- |

| 45 days before trial | **File motions in limine, if any, and pretrial objections.**<br><br>Motions in limine should not be filed as a matter of course. Any motions should include an overview of the relevant factual background and citations to applicable law.<br><br>The parties are **ordered** to meet and confer to resolve any disputes before filing any motion in limine. Replies to responses are not permitted except by leave of court. |
|---|---|
| **30 days before trial** | **File responses to motions in limine, if any.** |
| **28 days before trial** | Exchange exhibits.<br><br>Each party intending to offer exhibits shall **serve a complete set** of marked exhibits, whether tangible or electronic, to all opposing parties and **shall deliver a set of marked exhibits to the judge's chambers** (except for large or voluminous items that cannot be easily reproduced). |
| **28 days before trial** | Settlement-conference deadline.<br><br>See additional details below. |
| **28 days before trial** | **File a notice of time requested for (1) voir dire, (2) opening statements, (3) direct and cross examinations, and (4) closing arguments.** |

| | |
|---|---|
| **Scheduled by the court if necessary** | A **pretrial conference** will be conducted, in person, before Judge J. Campbell Barker, 211 W. Ferguson St., 3rd Floor, Tyler, Texas.<br><br>Lead counsel for each party must attend, or, if the party is proceeding pro se, the party must attend. Lead counsel and pro se parties must have authority to enter into stipulations and admissions that would facilitate the admission of evidence and reduce the time and expense of trial. All pretrial motions not previously decided will be resolved at that time, and procedures for trial will be discussed. |
| **As set by the court**<br><br>**(March 29, 2027)** | **9:30 a.m. Jury Selection and Trial before Judge J. Campbell Barker, 211 W. Ferguson St., 3rd Floor, Tyler, Texas.** |

If any of these dates fall on a weekend or court holiday, the deadline is modified to be the next court business day. Also note that all deadlines in this order are for **filing** or **delivery**, **not mailing** dates.

Unless otherwise ordered or specified herein, all limitations and requirements of the Federal Rules of Civil Procedure and the local rules of this court must be observed.

**Settlement conference and status report**

**1. Settlement conference**

By the deadline provided above, the parties and their respective lead counsel shall hold a **face-to-face meeting** to discuss **settlement** of this case. Individual parties and their counsel shall participate in person, not by telephone or other remote means. All other parties shall participate by both (1) counsel and (2) a representative or representatives who shall have unlimited settlement authority and who shall participate in person, not by telephone or other remote means. If a party has liability-insurance coverage as to any claim made against that party in this case, a representative of each insurance company providing such coverage, who shall have full authority to offer policy limits in settlement, shall be present at and participate in the meeting in person, not by telephone or other remote means.

### 2. Joint settlement report

Within **seven days** after the settlement conference, the parties shall **jointly prepare and file a written report**, which shall be signed by counsel for each party, detailing the date on which the meeting was held, the persons present (including the capacity of any representative), a statement regarding whether meaningful progress toward settlement was made, and a statement regarding the prospects of settlement.

### Pretrial materials

### 1. Pretrial report

Plaintiff's counsel shall file the **joint pretrial report**, which must include each matter listed in the final pretrial report that is available on Judge Barker's website and the **estimated length of trial**. If counsel for any party does not participate in the preparation of the joint pretrial report, opposing counsel shall submit a separate pretrial report with an explanation of why a joint order was not submitted (so that the court can impose sanctions, if appropriate). Each party may present its version of any disputed matter in the joint pretrial report; therefore, failure to agree upon content or language **is not an excuse for submitting separate pretrial reports**. When the joint pretrial report is approved by the court, it will control all subsequent proceedings in this case.

### 2. Witness list

Each party shall file a **witness list** using the template available on Judge Barker's website.

If any witness needs an interpreter, please so note on the witness list. It is the obligation of the party offering such a witness to arrange for an interpreter to be present at trial.

### 3. Exhibit list

Each party shall file a **list of exhibits (including demonstrative exhibits)** to be offered at trial using the template available on Judge Barker's website. The list of exhibits shall describe with specificity the documents or things in numbered sequence. The documents or things to be offered as exhibits shall be numbered by attachment of physical or digital exhibit stickers to correspond with the sequence on the exhibit list and identify the party submitting the exhibit. This is a modification of Local Rule CV-26.2(b), (c). Do not use

letter suffixes to identify exhibits (e.g., designate them as Plaintiff's Exhibit 1, 2, and 3, not as 1A, 1B, and 1C).

Each party's **exhibit list** shall be accompanied by a written statement, signed by counsel for each party and state that, as to each exhibit shown on the list,

**(i)**   the parties agree to the admissibility of the exhibit; or

**(ii)**  the admissibility of the exhibit is objected to, identifying the nature and legal basis of any objection to admissibility and the party or parties urging the objection.

All parties shall cooperate in causing such statements to be prepared in a timely manner for filing with the exhibit lists. Counsel for the party proposing to offer an exhibit shall be responsible for coordinating activities related to preparation of such a statement as to the exhibit the party proposes to offer. This includes an obligation to make exhibits available for inspection in advance of the deadline for filing exhibit lists where a party needs to see exhibits to assess admissibility. The court may exclude any exhibit offered at trial unless such a statement regarding the exhibit has been filed in a timely manner. In addition, objections not identified in the statement may be waived. The court expects the parties to confer and agree to admit the majority of their exhibits prior to trial.

### 4.   Deposition-testimony designations

Each party shall file a list of designated deposition testimony that it intends to offer at trial. Each list of deposition designations shall include any rebuttal designations by the opposing party. Each list of deposition designations shall also include a notation of any objections to the designated deposition testimony.

### 5.   Jury Charge:

The parties shall submit proposed jury instructions (annotated) and a proposed verdict form as set forth below. *Annotated* means that each proposed instruction shall be accompanied by citation to pertinent statutes, case law, or pattern instructions. It is not sufficient to submit a proposed instruction without citation to supporting authority.

**(i)**   Counsel for plaintiff shall deliver to counsel for defendant by **[60 days before trial]** a copy of its proposed charge and verdict form.

**(ii)**    Counsel for defendant shall deliver to counsel for plaintiff by **[55 days before trial]**: (1) a statement, prepared with specificity, of any objection to any portion of plaintiff's proposed charge and verdict form and (2) the text of all additional or modified instructions or portions of the verdict form that defendant proposes. Each objection and each such request shall be accompanied by citations of authorities supporting defendant's objection or request.

**(iii)**    At a mutually agreed time on or before **[50 days before trial]** the lead attorneys for the parties shall meet face-to-face at either (1) a mutually agreeable place or (2) the office of counsel located closest to Tyler, Texas. At the meeting, the parties shall (1) discuss and try to resolve differences between the parties as to language to be included in the charge to the jury and (2) identify areas of disagreement that cannot be resolved. The meeting shall last long enough for the parties to meaningfully discuss all areas of disagreement and meaningfully try to reach agreement. Each attorney shall cooperate fully in all matters related to such a meeting.

**(iv)**    On or before **[45 days before trial]**, counsel for plaintiff shall file a single document titled "Proposed Charge," which shall contain, in logical sequence, all agreed-to charge language plus each party's proposed charge language as to which agreement could not be reached. All disputed language of the proposed charge shall be (1) in bold face, (2) preceded by the name of the party proposing the language, and (3) followed by citation of authorities in favor of and in opposition to the language. Objections not stated in the Proposed Charge may be waived.

## 6. *Voir dire*

The parties shall file any **proposed *voir dire* questions** for the court to ask during its examination of the jury panel as an attachment to the pretrial report. The filing should note whether each question is agreed to by both parties or which party proposes the question.

## 7. **Trial briefs**

Trial briefs may be filed by each party by the deadline for the pretrial report. In the absence of a specific order of the court, trial briefs are not required but are welcomed. The briefing should discuss any applicable Supreme Court, federal court of appeals, or state-court authority in addressing the issues expected to arise at trial.

- 11 -

## Modification of scheduling order

As addressed above, this order shall control the disposition of this case unless it is modified by the court upon a showing of **good cause** and by leave of court. Fed. R. Civ. P. 16(b)(4). Any request that the trial date be modified must be made **in writing** to the Court, **before** the deadline for completion of discovery.

## Discovery disputes

A magistrate judge is available during business hours to immediately hear discovery disputes and to enforce provisions of the rules. The hotline is the best means to obtain an immediate ruling on whether a discovery request is relevant to any claims or defenses and on disputes arising during depositions. The hotline number is (903) 590-1198. *See* Local Rule CV-26(e).

Before filing a motion to compel, a motion to quash, or a motion for protection from discovery, lead counsel must confer in good faith about the dispute. If an agreement cannot be reached and counsel believe that the dispute may be quickly resolved with a call to the hotline, then counsel should call the hotline. If the dispute is not resolved by conferring in good faith or by the magistrate judge via the hotline, then a party may file an appropriate motion. Any such motion should include a certification by counsel describing the steps taken to comply with this paragraph, including whether the parties called the hotline or why they believed that the hotline was not appropriate to resolve the dispute.

## Electronic discovery

In cases involving disputes over extensive electronic discovery, counsel for both sides shall review the court's *[Model] Order Regarding E-Discovery* before contacting the hotline or filing motions to compel or to quash. Access it on the court's website under Standard Forms.

The order can be modified for use in any case in which electronic discovery is an issue, and any ruling of the court on conduct of electronic discovery may be based, at least in part, on that model order.

## Resources

The Eastern District of Texas website (www.txed.uscourts.gov) has information about mandatory electronic filing, Local Rules, telephone numbers, general orders, frequently requested cases, and the Eastern District fee schedule.

## Compliance

A party is not excused from the requirements of this scheduling order by virtue of the fact that dispositive motions are pending, the party has not completed its investigation, the party challenges the sufficiency of the opposing party's disclosure, or because another party has failed to comply with this order or the rules.

Failure to comply with relevant provisions of the Local Rules, the Federal Rules of Civil Procedure, or this order may result in the exclusion of evidence at trial, the imposition of sanctions, or both. If a fellow member of the bar makes a just request for cooperation or seeks scheduling accommodation, a lawyer will not arbitrarily or unreasonably withhold consent. However, the court is not bound to accept agreements of counsel to extend deadlines imposed by rule or court order. *See* Local Rule AT-3(j).

## Inquiries

Questions relating to this scheduling order or legal matters should be presented in a motion, as appropriate. For questions regarding electronic notice or electronic case files, please see the ECF FAQs on the Eastern District of Texas website.